WOMEN'S CHRISTIAN ASSOCIATION OF PHILADELPHIA v.
AMOS LIPPINCOTT, COLLECTOR, ETC.

Filed May 7, 1908.

Before GUMMERE, CHIEF JUSTICE, and Justice SWAYZE.

For the prosecutor, *David Harvey, Jr.*

For the defendant, *Samuel A. Patterson.*

PER CURIAM.

This *certiorari* brings up a tax of $432 assessed upon property of the prosecutor in Asbury Park. The property assessed consists of a tract of land donated to the prosecutor by James A. Bradley, and two buildings erected thereon, and paid for partly by donations made to the prosecutor, and partly by moneys borrowed by it. The prosecutor is a corporation of the State of Pennsylvania. The purpose of its creation, as stated in its charter, is "the temporal, moral and religious welfare of women, especially young women, who are dependent upon their own exertions for support." The property is used as a summer home for working girls. The buildings will accommodate a maximum of two hundred and twenty. Each girl is allowed to stay two weeks. If

she has a room to herself she is charged $5 per week; if she shares her room with another girl the charge is $4. Girls who are too poor to pay board, but who, in the judgment of the managers of the association, are proper to be received at the institution, and who need a vacation, are received without charge. The expense of maintaining and operating the home exceeds the receipts from the board of the girls who are received by several hundred dollars annually, the difference being made up by the managers, and charitably disposed persons who contribute to the support of the institution.

Article 1, section 3, subdivision 4 of the Revised Tax act of 1903 (*Pamph. L., p.* 394), exempts from taxation "all buildings used exclusively for purposes considered charitable under the common law, with the land whereon the same are erected, and which may be necessary for the fair enjoyment thereof, and the furniture and personal property used therein;" and this exemption is extended by the express words of the statute "to cases where the charity is supported partly by fees and charges received from, or on behalf of, beneficiaries occupying said building, provided the building is wholly controlled, and the entire income therefrom is used, by the charitable corporation for its charitable purposes."

The property upon which this tax has been assessed is clearly entitled to the exemption given by this statutory provision. The buildings are used exclusively for purposes considered charitable under the common law; the fees and charges received from the beneficiaries occupying the building are entirely used for its maintenance and the building is wholly controlled by the prosecutors for the charitable purposes of the association. The case in its legal aspect is, in our opinion, identical with that of *Paterson Rescue Mission* v. *High, Receiver, &c.,* 35 *Vr.* 116, and on the authority of that case the assessment now under review should be set aside.