THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF RIDGE-
WOOD, NEW JERSEY, PROSECUTOR, v. STATE BOARD
OF TAX APPEALS, DEFENDANT.

Submitted May 5, 1936—Decided August 12, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Smith & Slingerland* and *McCarter & English*.

For the respondent, *Thomas L. Zimmerman, Jr.*

The opinion of the court was delivered by

DONGES, J.   This writ of *certiorari* brings up a determination of the state board of tax appeals affirming an assessment for purposes of taxation upon property of the prosecutor, Young Men's Christian Association of Ridgewood, New Jersey.

The prosecutor claims exemption from taxation on its real and personal property under *Pamph. L.* 1931, *p.* 904:

"All buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes, or for one or more of such purposes;  *  *  *  the land whereon any of the buildings hereinbefore mentioned are erected, and which may be necessary for the fair enjoyment thereof, and which is devoted to the purposes above mentioned and to no

other purpose and does not exceed five acres in extent; the furniture and personal property in said buildings if used in and devoted to the purposes above mentioned; provided, however, in case of all the foregoing, that said buildings, or the lands on which they stand, or the associations, corporations, or institutions using and occupying the same as aforesaid, are not conducted for profit, except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work therein carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the said building; provided, the building is wholly controlled by and the entire income therefrom is used for said charitable, benevolent or religious purposes. * * *."

The prosecutor was incorporated on October 21st, 1902, under the act for the incorporation of associations not for pecuniary profit. Its charter, as amended in 1929, includes the following:

"Section 2. The purpose of this association shall be to bring young men and boys into faith in and personal loyalty to God through Jesus Christ and to promote their growth into fullness of Christian character and service through physical, social, mental and spiritual activity, to lead them into membership and service in the church of their choice, and to make the extension of the Kingdom of God throughout the world the governing purpose of their lives.

"Section 3. Desiring to become a social force for the extension of the Kingdom of God in the world, this association shall be affiliated with the State Association and the National Council of the Young Men's Christian Associations of the United States."

The prosecutor owns a tract of land of more than four acres in the township of Ridgewood on which is one large frame building and several smaller buildings. The main building contains a swimming pool, bowling alleys, gymnasium, office, meeting rooms and kitchen.

Persons using the building are charged membership dues and income is derived from fees for the use of certain games,

&c., and the sale of such articles as candy. The income from such sources is insufficient to maintain the work of the association and the balance is supplied by voluntary contributions by charitably disposed persons.

The work of the association is, generally speaking, divided into four divisions: Boys' division, young men's division, men's division and the church and community co-operation division. The work of the association is detailed at some length in the testimony. Besides the physical training, there are held club and group meetings which listen to talks and carry on discussions of matters religious and having to do with good citizenship. The activities are varied but the testimony is that the ultimate object of the association is the mental and moral improvement of those using the building. As one witness, Dr. Karl K. Quimby, expressed it: "The only point I would make is the point that Mr. Clark emphasized, that it is impossible to send a boy's body to a gymnasium, a boy's mind to a school, and a boy's soul to a church. They all go together. You can have gymnasium activities merely for gymnastic purposes. You can also have gymnasium activities for definitely moral and spiritual purposes, and the total motive behind all of the activities, from my point of view and from my experience, of the Y. M. C. A. has been for the larger purpose, namely, a moral and spiritual objective; otherwise they would not be." This witness also testified that if certain religious and benevolent activities of the Y. M. C. A. were not done there, it would be necessary for it to be done by the church.

We are of the opinion that the testimony leads irresistibly to the conclusion that the prosecutor is a benevolent association, the ultimate and principal object of which is exclusively the mental and moral uplift of men and children. The varied forms which its activities take in reaching this object do not destroy the fundamental character of the institution. It is argued that it is possible for men and boys to use merely the recreational features of the program offered without benefit of the influences leading to moral and mental uplift. It might just as well be said that a church lost its religious character because some persons attended service merely to listen to the music.

The case of *Young Women's Christian Association of Harvey Cedars* v. *Pelham, Collector,* 9 *N. J. Mis. R.* 196; *affirmed,* 108 *N. J. L.* 553, is, in our opinion, controlling in the situation presented here. In that case the association conducted a summer camp for girls. The Supreme Court stated the facts as follows: "The property consists of about seven acres, on which is one large main building and some small outbuildings, and is conducted as a summer home for working girls and without effort or intent or purpose of profit. It is open only during the summer months. A weekly charge of $13 is made and the total receipts are not sufficient to meet the expenses; the deficit being made up through voluntary donations by charitably disposed persons." And further said: "We conclude that the proofs establish that the prosecutor is an association of the character entitling its lands and property to the exemptions provided for by the Tax act, *supra.* The facts and situations seem to us to be identical with those in the case of *Women's Christian Association of Philadelphia* v. *Lippincott, Collector,* 9 *N. J. Mis. R.* 133; 153 *Atl. Rep.* 261.

The state board of tax appeals took the view that because the Supreme Court cited the Lippincott case it must have found in the Pelham case that there was a common law charity. An examination of the record discloses there was and could have been no such finding. The situation in the Pelham case was identical with that in the instant case, namely, a use of the property for mental and moral uplift of persons, through recreational and religious methods. Indeed, the emphasis on the religious work was very much less in the Pelham case than here.

We are of the opinion that the case under consideration is controlled by the decision of the Court of Errors and Appeals in the Pelham case, and that the assessment must be set aside.