170

DIVISION OF TAX APPEALS.

IN THE MATTER OF APPEAL OF CITY OF ASBURY PARK, PETITIONER, v. THE SALVATION ARMY, RESPONDENT.

For the year 1946.

Decided March 23, 1948.

For the petitioner, *E. Alexander Edelstein*.

For the respondent, *Henry H. Patterson*.

LABRECQUE, COMMISSIONER. This appeal brings up for review the action of the Monmouth County Board of Taxation in cancelling the 1946 assessment on lands and premises owned by the respondent, The Salvation Army, located in the City of Asbury Park.

The Salvation Army was incorporated in this state on October 4th, 1920, under an act entitled, "An Act Respecting the Incorporation of Religious Bodies." The principal purposes of incorporation, as set forth in its certificate, are as follows:

"(a) For the worship of Almighty God and the preaching of the Gospel; to benefit the poor and needy by ministering to their needs and necessities; by assisting them to establish themselves in life by bringing their minds and hearts under the influence of education and of the Christian religion, by aiding the erring, the sick, the aged and homeless and by otherwise promoting their welfare according to the rules and regulations and doctrines and disciplines and usages of The Salvation Army and to carry on every kind of work necessary and incidental to the maintenance of such religious, educational, charitable and philanthropic work, but that all such work shall be conducted not for pecuniary profit.

"(b) To take, to have and to hold and control all the temporalities and property, both real and personal, belonging to The Salvation Army in the State of New Jersey and upon the filing and recording of this certificate to become the lawful owner of any and all such property now held in the name of The Salvation Army, a Corporation under the Laws of the State of New York, and situate in the State of New Jersey, together with the revenues therefrom, and to see that the entire receipts, revenues and emoluments derived therefrom and from all the various branches of its work in the State of New Jersey are devoted exclusively to such religious, educational, charitable and philanthropic work, with the exception of a moderate and reasonable compensation to those conducting and having the management of its objects and purposes."

On May 8th, 1944, the corporation became the owner of certain lands and premises, located at No. 506 Grand Avenue, Asbury Park, New Jersey. For the year 1946, the property was assessed at

| | |
|---|---:|
| Land | $5,000.00 |
| Improvements | 7,000.00 |
| Personal | 300.00 |
| Total | $12,300.00 |

Upon appeal to the County Board, the assessment was set aside and the property was held to be exempt from taxation.

From the action of the County Board in so doing; the city appeals.

The premises in question consist of a lot approximately 40 x 133 feet, on which is erected a building used and maintained as a home for retired Salvation Army officers. These officers, who are duly ordained ministers, are, through age, infirmity or physical disability, unable to provide for themselves or find other places to live. The home accommodates twelve persons. It is not conducted for profit. The inmates are required to pay a fee, depending upon the amount of the pension which they receive. The fees collected are sufficient to defray approximately 40 per cent. of the cost of operation of the home. The remainder is made up through general funds of the Salvation Army. The building is wholly controlled by the Salvation Army and no income is derived from its operation.

Our examination of the facts as to the use of this property leads us to the conclusion that it is exempt from taxation for the year in question. We find that the building in question is used solely and exclusively for religious and charitable purposes within the purview of the statute. *R. S.* 54:4–3.6, and that the personalty is used and devoted to the same purposes.

While the diligence of counsel has revealed no case dealing with a situation exactly similar to the one *sub judice,* the principle here involved has been frequently passed upon by our courts. Thus in *Paterson Rescue Mission* v. *High,* 64 *N. J. L.* 116; 44 *Atl. Rep.* 974, our Supreme Court, in an opinion by Mr. Justice Depue, held that property devoted to the purposes of a home for aged men was exempt from taxation. This case was later followed by the Supreme Court in *Women's Christian Association of Philadelphia* v. *Lippincott,* 9 *N. J. Mis. R.* 133; 153 *Atl. Rep.* 261, where property donated by the late James A. Bradley of Asbury Park, and used as a summer home for working girls, was held to be exempt from taxation. To the same effect is *Trenton Ladies' Sick Benefit Society* v. *Trenton,* 19 *N. J. Mis. R.* 176; 17 *Atl. Rep.* (2d) 809. See, also, *Borough of Point Pleasant Beach* v. *St. Joseph's-by-the-Sea, N. J. Tax Reports,* 1912-

1934, *p.* 365. *Bamberger Seashore Home* v. *Borough of Longport, N. J. Tax Reports,* 1912-1934, *p.* 163 (reversed on other grounds). *Sea Isle City* v. *Sisters of The Order of St. Dominic, N. J. Tax Reports,* 1912-1934, *p.* 418; *Old Ladies' Home of Bergen County* v. *Hackensack, N. J. Tax Reports,* 1934-1939, *p.* 42; *Montclair* v. *Charles Bierman Home for Aged People, N. J. Tax Reports,* 1934-1939, *p.* 711.

The case of *Sisters of The Order of St. Dominic* v. *Sea Isle City,* 101 *N. J. L.* 227; 127 *Atl. Rep.* 217, cited by the city, is not applicable. In that case the use of the premises by the Sisters did not correspond with the objects of the Order, as set forth in its charter. Upon the subsequent amendment of the charter, the property of the Order was held to be exempt by the State Board of Taxes and Assessment in *Sea Isle City* v. *Sisters of The Order of St. Dominic, N. J. Tax Reports,* 1912-1934, *p.* 418; 51 *N. J. L. J.* 81.

It is urged by the city that the fact that a charge is made to each inmate of the home, places the case without the pale of the statute. This contention is without substance. Where the objects of an institution are wholly of a charitable nature, with no element of private gain, the receipt of compensation from those who enjoy the benefits does not affect its charitable nature. *Paterson Rescue Mission* v. *High, supra; Women's Christian Association of Philadelphia* v. *Lippincott, supra.* Indeed the statute, *R. S.* 54:4–3.6; *N. J. S. A.* 54:4–3.6, makes provision for the payment of such fees by providing:

"except that the exemption of the buildings and lands used for charitable, benevolent or religious purposes shall extend to cases where the charitable, benevolent or religious work therein carried on is supported partly by fees and charges received from or on behalf of beneficiaries using or occupying the building; provided the building is wholly controlled by, and the entire income therefrom is used for said charitable, benevolent or religious purposes."

It is further urged by the city that in order to justify the exemption, the services of the home were required to be available to persons of all faiths, rather than restricted to former officers of the Salvation Army. No judicial authority is adduced in support of this contention and the state in ques-

tion sets up no test as a prerequisite to exemption. On the contrary, the reports are replete with cases in which exemptions have been allowed, notwithstanding that the benefits of the charity were restricted to members of a particular race or creed. A typical example of this is found in *Montclair* v. *Charles Bierman Home for Aged People, supra,* where the home in question was established for the use of those of the Jewish faith.

None of the remaining reasons urged by the appellant sets forth any ground for reversal of the County Board's action.

For the reasons stated, the petition will be dismissed and the action of the Monmouth County Board of Taxation affirmed.